**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 13-cv-03122-CMA

MALIK SMITH,

    Applicant,

v.

WARDEN OLIVER,

    Respondent.

---

**ORDER ON APPLICATION FOR WRIT OF HABEAS CORPUS**

---

This matter is before the Court on the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. # 1) and the Memorandum of Law in Support of the Habeas Corpus Application (Doc. # 4) ("the Application") filed *pro se* by Applicant, Malik Smith.  On February 3, 2014, Respondent was ordered to show cause why the Application should not be granted.  Respondent has filed Respondent's Response to Order to Show Cause ("the Response") (Doc. # 19) and Mr. Smith has filed Applicant's Reply to Respondent's Order to Show Cause ("the Reply") (Doc. # 20).  After reviewing the pertinent portions of the record in this case including the Application, the Response, and the Reply, the Court concludes that the Application should be denied.

**I. BACKGROUND**

Mr. Smith is a prisoner in the custody of the Federal Bureau of Prisons ("BOP").  When he initiated this action, Mr. Smith was incarcerated at the United States Penitentiary Florence High in Florence, Colorado.  On December 23, 2013, Mr. Smith

filed a notice of change of address stating that he had been transferred to the United States Penitentiary Victorville in Adelanto, California.[1]

Following a jury trial, Mr. Smith was sentenced on February 12, 1998 by the Superior Court of the District of Columbia in Case No. F-6230-96 as follows:

(1) Ten to thirty years imprisonment for assault with intent to commit robbery while armed for counts H and J;

(2) Five to fifteen years imprisonment for possession of a firearm during crime of violence for counts I, K, M, O, Q, and S;

(3) Fifteen years to life imprisonment for assault with intent to kill while armed for counts L and N;

(4) Five to fifteen years imprisonment for aggravated assault while armed for counts P and R; and

(5) Twenty to sixty months imprisonment for carrying a pistol without a license for count T.

(Doc. # 19-1 at 8-11).

The Judgment and Commitment/Probation Order provided that counts H, J, L, N, P, and R would run concurrent to each other; counts I, M, and Q would run concurrent to each other but consecutive to counts H, J, L, N, P, and R; counts K, O, and S would run concurrent to each other but consecutive to counts I, M, and Q; and count T would run consecutive to counts H through S. (Doc. #19-1 at 11-12).

---

[1] Although, Mr. Smith is now housed in California, he was incarcerated at the United States Penitentiary Florence High in Florence, Colorado at the time he filed his § 2241 application. This Court is, therefore, the appropriate jurisdiction and venue in which to bring the § 2241 application. *See* 28 U.S.C. § 2241(a); *Howard v. U.S. Bureau of Prisons,* 487 F.3d 808, 811 (10th Cir. 2007) (explaining that § 2241 petition is properly filed in the district where the prisoner is confined at the time of the filing).

Mr. Smith received 336 days of pre-sentence jail credit from March 13, 1997 to February 11, 1998.  (Doc. # 19-1 at 15).  The D.C. Department of Corrections determined that Mr. Smith would be eligible for parole on November 10, 2023.  (*Id.*)

On June 11, 2002, Mr. Smith was transferred into the custody of the BOP for service of his sentence pursuant to the National Capitalization Revitalization and Self-Government Improvement Act of 1997.  (Doc. # 4 at 4; Doc. # 19-1 at 20 ).

On June 1, 2004, the Superior Court of the District of Columbia vacated Mr. Smith's convictions and sentences as to counts K, Q, and S in Case No. F-6230-96.  (Doc. # 19-1 at 25).  This order did not change Mr. Smith's combined sentence term based on the Judgment and Commitment/Probation Order, which provided that the remaining counts H, J, L, N, P, and R would run concurrent to each other; counts I and M would run concurrent to each other but consecutive to H, J, L, N, P, and R; count O would run consecutive to I and M; and count T would run consecutive to the other counts. (*Id.* at 11-12).

Reviewing the applicable District of Columbia statutes, the BOP determined that Mr. Smith was serving a minimum term of 25 years and 20 months of imprisonment.  (Doc. # 19-1 at 20).  The BOP further determined that Mr. Smith was eligible for release on parole on November 10, 2023.  (*Id.* at 23).

Mr. Smith contends that the BOP has miscalculated his sentence because he "is one year past the EFT (effective release date) of his D.C. Omnibus Act Adult sentence of life that does not exceed 15 years in accordance with D.C. Code.  An [sic] due to the (DCSS) Designation Center miscalculation of petitioner [sic] minimum term to be served petitioner is currently held illegally."  (Doc. #1 at 2).  In other words, Mr. Smith

argues that he essentially received a maximum sentence of life imprisonment and that the mandatory minimum term for a life sentence may not exceed fifteen years in accordance with D.C. Code § 24-203(a). Since Mr. Smith has served more than sixteen years of his sentence, he contends that he is currently eligible for parole and mandatory release. (Doc. # 4 at 3). Respondent argues that the BOP correctly determined Mr. Smith's total minimum sentence to be 25 years and 20 months based on the aggregate of the minimum terms for all counts applied consecutively according to the Judgment and Commitment/Probation Order. (*See* Doc. # 19 at 3-5). In the Reply, Mr. Smith asserts that the multiple counts for which he was convicted and sentenced constitute "one crime, conviction and sentence [not] two different sentences that are separated by different jurisdiction, so only one statute release date, two thirds date, and EFT date does apply to Applicant's sentence." (Doc. # 20 at 2). He maintains that he was sentenced to "a full term of 25 years to life and 20 months with a mandatory minimum term of 15 years." (*Id.*).

## II.  STANDARDS OF REVIEW

The fundamental purpose of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). Habeas corpus relief is warranted only if Mr. Smith "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A challenge to the BOP's calculation of a prison sentence under the District of Columbia Code is properly brought

under 28 U.S.C. § 2241.  *See Watson v. Warden, FCC Coleman-USP I,* 521 Fed. Appx. 899, 901 (11th Cir. 2013); *see also Warren v. Williamson,* No. 08-5039, 2008 WL 8853355, at *1 (D.C. Cir. Oct. 10, 2008) (explaining that applicant may pursue claims challenging BOP's computation of his sentence by filing § 2241 petition in district having personal jurisdiction over the warden of the facility in which he was incarcerated).

The Court must construe Mr. Smith's claims and arguments liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*per curiam* ); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.

### III.  DISCUSSION

In the Application, Mr. Smith contends that his correct minimum term is fifteen years under D.C. Code § 24-403(a).  Respondents assert that the BOP properly determined that Mr. Smith was sentenced to a total minimum term of 25 years and 20 months.

The District of Columbia Code § 24-403 provides:

> (a)  Except as provided in subsections (b) and (c) of this section, in imposing sentence on a person convicted in the District of Columbia of a felony, the justice or judge of the court imposing such sentence shall sentence the person for a maximum period not exceeding the maximum fixed by law, and for a minimum period not exceeding one-third of the maximum sentence imposed, and any person so convicted and sentenced may be released on parole as herein provided at any time after having served the minimum sentence. Where the maximum sentence imposed is life imprisonment, a minimum sentence shall be imposed which shall not exceed 15 years imprisonment.

Thus, sentences imposed under the D.C. Code state both the minimum and maximum period of imprisonment in accord with this rule.

As stated above, the Judgement and Commitment/Probation Order indicates that Mr. Smith received the following sentences: (1) ten to thirty years for counts H and J; (2) five to fifteen years for counts I, K, M, O, Q, and S; (3) fifteen years to life for counts L and N; (4) five to fifteen years for counts P and R; and (5) twenty to sixty months for count T.  (Doc. # 19-1 at 8-11).

Moreover, the Judgement and Commitment/Probation Order provided that counts H, J, L, N, P, and R ("Sentence 1") would run concurrent to each other; counts I and M ("Sentence 2") would run concurrent to each other but consecutive to Sentence 1; count O ("Sentence 3") would run consecutive to Sentence 2; and count T ("Sentence 4") would run consecutive to Sentences 1, 2, and 3.  (Doc. # 19-1 at 11-12).  Thus, Sentence 1 requires a fifteen year minimum that is consecutive to the five year minimum of Sentence 2, which is consecutive to the five year minimum of Sentence 3, which is consecutive to the twenty month minimum of Sentence 4.  Accordingly, the aggregate sentence clearly calls for an overall minimum sentence of 25 years and 20 months.  There is no way around it; fifteen years (Sentence 1) plus five years (Sentence 2), plus five years (Sentence 3), plus twenty months (Sentence 4) equals 25 years and 20 months.  Courts routinely recognize that consecutive sentences often result in an aggregate sentence that exceeds the fifteen year minimum sentence for a maximum sentence of life imprisonment under D.C. Code § 24-403(a).  *See e.g., Autrey v. Thomas,* No. 12-cv-1289, 2013 WL 1760519, at *4-5 (M.D. Pa. April 24, 2013) (rejecting petitioner's fifteen year minimum term argument where petitioner's total

minimum sentence was twenty years when consecutive sentences were added together); *Wellington v. Hogsten,* 10-341-GVT, 2012 WL 1805912, at *4 (E.D. Ky. May 12, 2012) (finding that BOP correctly determined that the sum of the minimum terms of the consecutive sentences totaled 27 years); *Montgomery v. Baird,* 11CV1354JCH, 2012 WL 6156014, at *1 (D. Conn. Dec. 11, 2012) (noting that three sentences were to be served consecutively for a total effective sentence of seventeen years to life); *Watson,* 521 Fed. Appx. at 900-01 (recognizing that applicant's aggregate prison term was a minimum of thirty years to a maximum of life).

Although, Applicant contends that the multiple counts for which he was convicted and sentenced constitute "one crime, conviction and sentence," this position is not supported by the Judgment and Commitment/Probation Order that imposed consecutive sentences for multiple criminal offenses.  Thus, the Court finds that Mr. Smith was sentenced to a consecutive fifteen years to life term, two (2) five to fifteen years terms, and a twenty to sixty months term, which aggregated together, results in a minimum sentence of 25 years and 20 months to a maximum sentence of life imprisonment.

## IV.  CONCLUSION

In summary, the Court finds that Mr. Smith has failed to demonstrate that the BOP incorrectly calculated his sentence, parole eligibility, and effective release date.  Therefore, Mr. Smith is not entitled to federal habeas relief from this Court. Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. #1) is DENIED and the action is DISMISSED WITH PREJUDICE. It is

FURTHER ORDERED that *in forma pauperis* status is denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.         .

DATED:  July   14  , 2014

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge